**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

PIERRE J. CANNON,

    Petitioner,

v.

WARDEN VINCE FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-75

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Pierre J. Cannon ("Cannon"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 7.) Cannon filed a Response in Opposition to Respondent's Motion to Dismiss, (doc. 9), and Respondent filed a Reply Supporting the Motion to Dismiss. (Doc. 10.) Cannon then filed a Surreply to Respondent's Reply Supporting the Motion to Dismiss. (Doc. 11.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Cannon's Section 2241 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Cannon *in forma pauperis* status on appeal.

### **BACKGROUND**

Cannon pleaded not guilty, in the Middle District of Georgia, to four (4) counts of armed robbery, one (1) count of carjacking, and five (5) counts of carrying or using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Plea, United States v. Cannon, 4:95-cr-30, (M.D. Ga. July. 27, 1995), ECF No. 5. The jury found Cannon guilty on all

counts. Jury Verdict, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Sept. 19, 1995), ECF No. 17. On December 6, 1995, prior to Cannon's sentencing, the United States Supreme Court ruled that mere possession of a firearm during a crime of violence is insufficient for a conviction under 18 U.S.C. § 924(c) in Bailey v. United States, 516 U.S. 137 (1995), *superseded by statute*, Bailey Fix Act, Pub. L. No. 105-386, 112 Stat. 3469, *as recognized in* Abbott v. United States, 562 U.S. 8 (2010). Subsequently, on January 17, 1996, the Court sentenced Cannon to 240 months' imprisonment on each robbery count, to be served concurrently; 293 months' imprisonment on the carjacking charge, to be served concurrently; 60 months' imprisonment for the charge of using a firearm in violation of 18 U.S.C. § 924(c) in connection with the first robbery; and 240 months' imprisonment on the remaining four firearms charges in violation of 18 U.S.C. § 924(c), to be served consecutively. J., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 1996), ECF No. 20. Cannon appealed his convictions, and on May 5, 1997, the Eleventh Circuit Court of Appeals issued a mandate affirming Cannon's convictions and sentence. Mandate, United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 6, 1997), ECF No. 25.

Cannon filed a motion to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on May, 30, 2008. Mot., United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 30, 2008), ECF No. 39. On February 9, 2010, the United States District Court for the Middle District of Georgia reduced Cannon's sentence from 1,313 months to 1,171 months. Am. J., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Feb. 9, 2010), ECF No. 57.

Cannon then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on January 27, 2014. Mot., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 2014), ECF No. 81. On March 12, 2015, the United States Magistrate Judge recommended dismissal of Cannon's motion as having been untimely filed. R. & R., United States v. Cannon, 4:95-cr-30,

(M.D. Ga. Mar. 12, 2015), ECF No. 90. The court adopted this Report and Recommendation as the opinion of the court and dismissed Cannon's motion on April 24, 2015. Order, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Apr. 24, 2015), ECF No. 94. Cannon filed a notice of appeal in the Eleventh Circuit Court of Appeals on May 8, 2015. Notice of Appeal, United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 8, 2015), ECF No. 96. The Eleventh Circuit denied Cannon's motion for a certificate of appealability on November 9, 2015. Order, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Nov. 9, 2015), ECF No. 101.

## DISCUSSION

In his current Petition, Cannon asserts that he is actually innocent of "using a firearm" in furtherance of a crime of violence in light of Bailey. (Doc. 1, p. 6.) Respondent avers this Court lacks jurisdiction over Cannon's Petition because he does not satisfy the savings clause of Section 2255 and, therefore, cannot proceed pursuant to Section 2241. Specifically, Respondent argues that Cannon's Bailey claim is procedurally barred because he failed to raise his argument on direct appeal or in a timely Section 2255 motion. (Doc. 7, p. 6.)

Cannon contends that his failure to raise a Bailey claim on direct appeal and in his Section 2255 motion is excusable. (Doc. 9.) First, Cannon argues that he was precluded, through no fault of his own, from raising the claim on direct appeal. (Id. at pp. 2–3.) Cannon contends that he could not raise an argument pursuant to Bailey at trial because the Supreme Court decided Bailey after his case was submitted to the jury. (Id. at p. 2.) Cannon concludes that, because he was unable to raise a Bailey claim at trial, he was therefore barred from raising a Bailey claim for the first time on appeal. (Id.) Cannon similarly argues that, because Bailey did not become retroactively applicable until after the statute of limitations for filing his Section 2255 motion expired, he was precluded from raising a Bailey claim in a timely Section 2255

3

motion. (Id. at p. 4; Doc. 11, pp. 8–9.) Respondent asserts that Cannon's arguments are premised on erroneous interpretations of Supreme Court and Eleventh Circuit case law and are, therefore, without merit. (Doc. 10, p. 1.)

**I.     Whether Cannon can Proceed Pursuant to Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had <u>no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion</u>.

Id. (emphasis added). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted). Furthermore, "[t]he essence of habeas relief, and all that the Constitution requires, is to allow a prisoner a reasonable opportunity" to challenge his conviction and sentence "either on direct appeal, in a first § 2255 motion, or in a successive § 2255 motion authorized by [the Anti-terrorism and Effective Death Penalty Act]." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1272 (11th Cir. 2013) (quotation and citation omitted).

### A. Direct Appeal

Cannon first argues that he satisfies the savings clause of Section 2255(e) because he did not have a genuine opportunity to challenge his conviction on direct appeal. (Doc. 9, p. 2.) As a

threshold matter, Cannon correctly points out that he could not raise an argument pursuant to Bailey during his trial because the Supreme Court had not yet rendered that decision. (Id.) Cannon maintains that, because he did not raise an argument pursuant to Bailey at trial, he was therefore precluded from citing Bailey on direct appeal.[1] (Id.) Respondent contends that Cannon had ample opportunity to contest his convictions under Bailey on appeal and, as a result, relief under the savings clause is not available. (Doc. 7, p. 5.)

The savings clause of Section 2255 is inapplicable where a prisoner previously "had an unobstructed procedural shot at getting his sentence vacated." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (citation omitted). Here, Cannon clearly had an opportunity to have his sentence vacated following his conviction. The Supreme Court released its decision in Bailey on December 6, 1995. Cannon filed his notice of appeal on January 17, 1996. Notice of Appeal, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 1996), ECF No. 21. Because Cannon filed his notice of appeal after the Bailey decision, nothing precluded Cannon from citing Bailey on appeal. Accordingly, Cannon cannot show that he lacked a genuine opportunity to challenge his conviction on appeal. See Williams, 713 F.3d at 1343.

**B.     Section 2255**

Next, Cannon argues that he was similarly unable to challenge his conviction in a timely Section 2255 motion because Bailey did not become retroactively applicable until after the statute of limitations for filing his Section 2255 motion expired. (Doc. 9, p. 4; Doc. 11, pp. 8–9.)

---

[1] In support of his argument, Cannon cites several cases, including United States v. Levy, 391 F.3d 1327 (11th Cir. 2004), Adkins v. Warden, Holman CF, 710 F.3d 1241 (11th Cir. 2013), United States v. Ardley, 273 F.3d 991 (11th Cir. 2001), and United States v. Verbitskaya, 406 F.3d 1324 (11th Cir. 2005), for the proposition that appellants who fail to raise an argument based upon a retroactively applicable Supreme Court decision at trial may not raise that argument on appeal. Cannon misinterprets these cases. In Levy, Adkins, Ardley, and Verbitskaya, the Eleventh Circuit held that appellants may not later raise an argument based upon a retroactively applicable Supreme Court decision on appeal if they failed to raise that argument in their initial brief on appeal. These cases do not hold, as Cannon contends, that appellants may not raise such an argument on appeal if they failed to raise it at trial.

6

Respondent asserts that Cannon could have timely filed a Section 2255 motion to vacate his conviction under Bailey.[2]

Accepting Cannon's argument that Bailey became retroactively applicable after the expiration of the statute of limitations for his Section 2255 motion, he still failed to raise his argument in a timely manner. The Supreme Court held Bailey retroactively applicable on May 18, 1998. Bousley v. United States, 523 U.S. 614 (1998). Cannon neglected to file a Section 2255 claim until January 27, 2014—nearly sixteen years later. Mot., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 2014), ECF No. 81. Accordingly, Cannon similarly fails to show that he lacked a genuine opportunity to raise his argument in a timely Section 2255 motion. See Williams, 713 F.3d at 1343. Because Cannon had a reasonable opportunity to challenge his conviction both on direct appeal and in a timely Section 2255 motion, he may not now assert his claims under the savings clause of Section 2255(e). Thus, Cannon fails to show that he can proceed with his claims pursuant to his Section 2241 Petition. Respondent's Motion to Dismiss is due to be granted, and Cannon's Petition is due to be dismissed.

**II.     Leave to Appeal *In Forma Pauperis***

The Court should also deny Cannon leave to appeal *in forma pauperis*. Though Cannon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. §

---

[2] Respondent cites United States v. Mixon, 115 F.3d 900 (11th Cir. 1997), in which other defendants with similar claims had their convictions vacated under Bailey before the date on which the statute of limitations applicable to Section 2255 motions expired.

1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Cannon's pleadings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Cannon *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Cannon's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Cannon and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA