# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| PIERRE J. CANNON, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:15-cv-75 |
| | * | |
| v. | * | |
| | * | |
| WARDEN VINCE FLOURNOY, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court are Petitioner Pierre Cannon's ("Cannon") Objections to the Magistrate Judge's Report and Recommendation dated January 29, 2016. Dkt. No. 13. After an independent and *de novo* review of the entire record, the Court **OVERRULES** Cannon's Objections, dkt. no. 14, and **CONCURS** with the Magistrate Judge's Report and Recommendation. The Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. Consequently, Respondent's Motion to Dismiss, dkt. no. 7, is **GRANTED**, and Cannon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, dkt. no. 1, is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Furthermore, for the reasons stated in the Magistrate

Judge's Report and Recommendation, Cannon is hereby **DENIED** a certificate of appealability, and he is **DENIED** leave to appeal *in forma pauperis*.

I. **Background**

Cannon is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia. Cannon was convicted in the Middle District of Georgia after a jury trial of four (4) counts of armed robbery, one (1) count of carjacking, and five (5) counts of carrying or using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Plea, United States v. Cannon, 4:95-cr-30, (M.D. Ga. July. 27, 1995), ECF No. 5. Cannon was sentenced to 240 months' imprisonment on each robbery count, to be served concurrently; 293 months' imprisonment on the carjacking charge, to be served concurrently; 60 months' imprisonment for the charge of using a firearm, in violation of 18 U.S.C. § 924(c), in connection with the first robbery; and 240 months' imprisonment on the remaining four firearms charges, in violation of 18 U.S.C. § 924(c), to be served consecutively. J. United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 1996), ECF No. 20. Cannon appealed his convictions, and on May 5, 1997, the Eleventh Circuit Court of Appeals issued a mandate affirming Cannon's conviction and sentence. Mandate, United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 6, 1997), ECF No. 25.

Cannon filed a motion to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on May, 30, 2008. Mot., United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 30, 2008), ECF No. 39. On February 9, 2010, the United States District Court for the Middle District of Georgia reduced Cannon's sentence from 1,313 months to 1,171 months. Am. J., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Feb. 9, 2010), ECF No. 57.

Cannon then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on January 27, 2014. Mot., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 2014), ECF No. 81. On March 12, 2015, the United States Magistrate Judge recommended dismissal of Cannon's Motion as having been untimely filed. R. & R., United States v. Cannon, 4:95-cr-30, (M.D. Ga. Mar. 12, 2015), ECF No. 90. The Court adopted this Report and Recommendation as the opinion of the Court and dismissed Cannon's motion on April 24, 2015. Order, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Apr. 24, 2015), ECF No. 94. Cannon filed a notice of appeal with the Eleventh Circuit on May 8, 2015. Notice of Appeal, United States v. Cannon, 4:95-cr-30, (M.D. Ga. May 8, 2015), ECF No. 96. The Eleventh Circuit denied Cannon's motion for a certificate of appealability on November 9, 2015. Order, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Nov. 9, 2015), ECF No. 101.

Cannon commenced this action on June 25, 2015, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Cannon asserted that he was actually innocent of "using" a firearm in furtherance of a crime of violence in light of Bailey v. United States, 516 U.S. 137 (1995), *superseded by statute*, Bailey Fix Act, Pub. L. No. 105-386, 112 Stat. 3469, *as recognized in* Abbott v. United States, 562 U.S. 8 (2010), in which the United States Supreme Court ruled that mere possession of a firearm during a crime of violence is insufficient for a conviction under 18 U.S.C. § 924(c). Dkt. No. 1, p. 6.

Notably, however, the Supreme Court reached its decision in Bailey on December 6, 1995, before Cannon filed his notice of appeal on January 17, 1996. Notice of Appeal, United States v. Cannon, 4:95-cr-30, (M.D. Ga. Jan. 17, 1996), ECF No. 21. Nevertheless, Cannon asserted that his failure to raise a Bailey claim on direct appeal and in his Section 2255 motion was excusable. Dkt. No. 9. First, Cannon argued that he was precluded, through no fault of his own, from raising the claim on direct appeal. Id. at pp. 2-3. Cannon contended that, because he could not raise an argument pursuant to Bailey at trial, he was procedurally barred from raising a Bailey claim on appeal. Id. at p. 2. Cannon similarly argued that, because Bailey did not become retroactively applicable until after the statute of limitations for filing his Section 2255 motion

expired, he was precluded from raising a Bailey claim in a timely Section 2255 motion. Id. at p. 4; Dkt. No. 11, pp. 8-9. Accordingly, Cannon asserted that the remedy afforded by Section 2255 was inadequate to challenge the validity of his conviction and that he is, therefore, entitled to relief under the savings clause.

The Magistrate Judge determined Cannon failed to satisfy Section 2255's savings clause. Dkt. No. 13. First, the Magistrate Judge concluded that Cannon did not show that he lacked a genuine opportunity to challenge his conviction on appeal. Id. at pp. 5-6. Second, the Magistrate Judge determined that, even if Bailey did not become retroactively applicable in the Eleventh Circuit until after the statute of limitations for filing his Section 2255 motion expired, Cannon still failed to raise his argument in a timely matter. Id. at pp. 6-7. Accordingly, the Magistrate Judge recommended Respondent's Motion to Dismiss be granted and Cannon's petition be dismissed. Id. at p. 8.

Cannon filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 14. In his Objections, Cannon maintains that the Magistrate Judge improperly applied Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013), and United States v. Mixon, 115 F.3d 900 (11th Cir. 1997), to his claims. Id. at pp. 2, 6. Cannon also contends

that the Magistrate Judge's recommendation is improper because he should be permitted to proceed with his Section 2241 Petition under the "actual innocence" exception, notwithstanding his prior procedural defaults.

## II. Discussion

Cannon's contentions that the Magistrate Judge improperly applied Williams to his claims and improperly considered Mixon are without merit. The Magistrate Judge properly applied controlling law to Cannon's claim and properly noted, as demonstrated by Mixon, that petitioners with similar Bailey claims asserted those claims in a timely matter in their Section 2255 motions, whereas Cannon failed to assert his Bailey argument in either his direct appeal or his Section 2255 motion.

Cannon also argues that the Magistrate Judge erred by failing to find that he is entitled to open the gateway to relief provided by the savings clause because he is "actually innocent" of the underlying crime of "using" a firearm during a crime of violence under 18 U.S.C. § 924(c). Cannon contends that, notwithstanding his procedural defaults, he may utilize the savings clause of Section 2255 under the "actual innocence" exception. See Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360 (11th Cir. 2015) (citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1281 (11th Cir. 2013) (finding that the

savings clause, at the very least, applies to actual-innocence claims due to a conviction for a non-existent offense.")).

However, for purposes of the actual innocence exception, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see Sharpe v. United States, 213 F. App'x 912 (11th Cir. 2007) ("The actual innocence exception is 'exceedingly narrow in scope' and requires proof of factual innocence, not just legal insufficiency.") (citing Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001)). Because Cannon does not claim that he did not possess a firearm during a crime of violence, he is not factually innocent and, therefore, may not obtain relief under the savings clause. Consequently, Cannon fails to meet his burden of demonstrating Section 2255's remedy is ineffective or inadequate. Thus, he cannot proceed in this Court via his Section 2241 Petition.

III. Conclusion

The Court **OVERRULES** Cannon's Objections, dkt. no. 14. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The Court **GRANTS** Respondent's Motion to Dismiss, dkt. no. 7, and **DISMISSES** Cannon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. The Clerk of Court is **DIRECTED** to enter the

appropriate judgment of dismissal and to **CLOSE** this case.

Cannon is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this \_\_\_14\_\_\_ day of \_\_\_March\_\_\_, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA